DOUGLAS *v.* SECRETARY OF STATE

1. STATUTES—CONSTRUCTION—INCONSISTENT STATUTES—LATEST EX-
PRESSION.

> The latest statute passed by the legislature during the same session where more than one statute is enacted on the same subject matter represents the latest expression of the legislative will, and its terms supersede those of earlier acts on the same subject matter.

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes § 365.
[2, 3] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 301, 302.

2. Automobiles—Motor Vehicle Accident Claims Fund—Interest
—Liability.

> The Motor Vehicle Accident Claims Fund is liable for the payment of pre-judgment and post-judgment interest once it has intervened on the behalf of an uninsured motorist (MCLA §§ 257.1123, 600.6013).

3. Automobiles—Motor Vehicle Accident Claims Fund—Interest
—Extent of Liability.

> The Motor Vehicle Accident Claims Fund's liability to pay interest on a judgment against an uninsured motorist, once the Fund has intervened on the behalf of the uninsured motorist, is limited to the portion of the judgment that does not exceed the Fund's liability to pay a maximum of $10,000 on account of the injury or death of one person or $20,000 on the death or injury of two or more persons; the Fund is not liable for interest on that portion of the judgment exceeding the Fund's statutory liability (MCLA § 257.1123).

Appeal from Wayne, Blair Moody, Jr., J. Submitted Division 1 January 12, 1971, at Detroit. (Docket No. 8644.) Decided April 21, 1971. Leave to appeal denied, 385 Mich 757.

Complaint by Major Douglas and Beatrice Douglas against James M. Hare, Secretary of State, and the Motor Vehicle Accident Claims Fund to recover interest on judgments, totaling $30,000, against an uninsured motorist, on whose behalf the Fund had intervened. Accelerated judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Blum & Sternberg, Chartered* (by *Michael P. Pianin*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke,* Assistant Attorney General, and *Alan Walt,* Special Assistant Attorney General, for defendant.

Before: V. J. Brennan, P. J., and Fitzgerald and Levin, JJ.

FITZGERALD, J.   Plaintiffs Major Douglas and his wife, Beatrice Douglas, brought action for damages and injuries sustained in an automobile accident with Willie James Harris.   Harris was uninsured at the time of the accident.   Under the provisions of the Motor Vehicle Accident Claims Act (MCLA § 257.1101 [Stat Ann 1968 Rev § 9.2801]), the Secretary of State intervened as attorney for Willie James Harris.   A judgment of $45,000 was subsequently rendered in favor of plaintiffs.   A remittitur was agreed upon which reduced the judgment to $25,000 for Major Douglas and $5,000 for Beatrice Douglas.   Plaintiff Major Douglas received $10,000 from the fund, while plaintiff Beatrice Douglas received the full amount of her judgment.

The plaintiffs thereafter instituted a second action to recover interest from the fund on the full amount of each judgment entered.   Both the plaintiffs and defendant filed motions for accelerated judgment.   It is from the trial court's decision to grant defendant's motion for accelerated judgment that plaintiffs appeal.

The primary question raised on this appeal is whether interest is recoverable from the Motor Vehicle Accident Claims Fund when the Secretary of State intervenes on behalf of an uninsured motorist.   Plaintiffs argue that the act which created the Motor Vehicle Accident Claims Fund made no provision expressly relating to interest.   They urge, however, that by virtue of the act's adoption, the state waived sovereign immunity and has accepted the obligation to protect the public by acting as insurer for uninsured motorists and, as such, is liable for the payment of interest once it intervenes on behalf of an uninsured motorist.

The payment provisions of the fund are set forth in MCLA § 257.1123 (Stat Ann 1968 Rev § 9.2823), which presently provides:

"(1) In respect to applications under this act for payment of damages arising out of motor vehicle accidents occurring in this state on or after January 1, 1966, the secretary shall not pay out of the fund, (a) more than $10,000.00, exclusive of costs, on account of injury to or the death of one person, and, subject to such limit for any one person so injured or killed, not more than $20,000.00, exclusive of costs, on account of injury to or the death of 2 or more persons in any one accident; and (b) more than $5,000.00, exclusive of costs, for loss of or damage to property resulting from any one accident."

We note upon examination of the record that the trial court was of the opinion that in order for interest to be recoverable the statute must have specifically provided therefor. Since MCLA § 257.1123, *supra*, did not so provide, the trial court held that no interest could be recovered by plaintiffs.

The Motor Vehicle Accident Claims Act, PA 1965, No 198, MCLA § 257.1101 (Stat Ann 1968 Rev § 9.2801), was originally approved by the legislature on July 16, 1965, and became effective by its terms on November 1, 1965. Section 23(3) of the act provided that:

"The secretary shall not pay out of the fund any amount for interest or costs."

In October 1965, the Motor Vehicle Accident Claims Act was amended, becoming PA 1965, No 389, which excluded the reference to non-payment of interest or costs found in § 23(3). Hence, it appears that the intent of the legislature was to make interest and costs recoverable. Since the latter act represents the latest expression of the legislative

will, its terms supersede those of the earlier act passed during the same session. *Detroit United Railway* v. *Barnes Paper Co.* (1912), 172 Mich 586, 589; OAG, 1967–68, No 4617, p 211 (March 18, 1968).

Such an interpretation can be readily implied, despite the fact that the statute does not expressly provide for recoverable interest and costs. In addition, Michigan does have a general statute (MCLA § 600.6013 [Stat Ann 1971 Cum Supp § 27A.6013]) allowing interest at 5% on all money judgments recovered in a civil action. Therefore, we conclude that the Motor Vehicle Accident Claims Fund is liable for the payment of interest once it intervenes on behalf of an uninsured motorist.

We proceed to a consideration of whether the Motor Vehicle Accident Claims Act obligates the State of Michigan to pay interest on that portion of a judgment entered against an uninsured motorist which exceeds the limits payable under § 23(1) of the act.

Since the filing of this appeal, the fund has agreed to pay interest on that portion of any judgment entered against an uninsured motorist within the limits of the fund's statutory liability. Plaintiffs now argue that they are entitled to interest on the additional $15,000 of the judgment entered in favor of Major Douglas, despite the fact that the fund is liable only for payment of $10,000 on that judgment. Defendant contends that plaintiffs have already recovered all moneys, including interest and costs, to which they are entitled under the act, and therefore the appeal presents a moot question which should be dismissed.

Plaintiffs would have this Court liken the present obligation of the State of Michigan to a policy of automobile insurance issued by a private insurance carrier doing business in this state. However, the

obligation of the state, through the Motor Vehicle Claims Fund, is specifically prescribed and limited by its own statutory terms.

An examination of the provisions of § 23(1) of the act indicates that the fund will pay a maximum of $10,000 on account of injury or death of one person and not more than $20,000 if two or more persons are injured or killed. The act provides that these limits are "exclusive of costs". Therefore, in the absence of specific statutory mandate authorizing payment of interest on such portion of a judgment rendered against an uninsured motorist exceeding the fund's obligation under § 23(1), we find plaintiffs' position without merit.

It is the holding of this Court that pre-judgment and post-judgment interest is recoverable from the Motor Vehicle Accident Claims Fund when the fund intervenes on behalf of an uninsured motorist, but is limited to payment of interest on that portion of a judgment which does not exceed the fund's statutory obligation which is $10,000 or $20,000, as provided by statute, *supra*.

Reversed and remanded for proceedings consistent with this opinion. No costs, interpretation of a statute being involved.

All concurred.