INGRAM v McCASTLE

Docket No. 46132. Submitted April 10, 1980, at Lansing.—Decided
    May 20, 1980. Leave to appeal applied for.

Woodrow Ingram and his wife, Lottie, were injured when their
    automobile collided with a vehicle operated by Danny L. Mc-
    Castle and owned by W. J. Hightower. The Ingrams brought an
    action for damages against both McCastle and Hightower,
    neither of whom were insured. The Secretary of State, acting in
    the capacity as director of the Motor Vehicle Accident Claims
    Fund, intervened as defendant, in accordance with the provi-
    sions of the Motor Vehicle Accident Claims Act, when McCastle
    and Hightower defaulted. During the pendency of the action in
    circuit court, Lottie Ingram died from causes unrelated to the
    accident, and Woodrow Ingram continued the action both on
    his own behalf and as administrator of the estate of Lottie
    Ingram. A consent judgment was entered in favor of the estate
    of Lottie Ingram in the amount of $40,000, of which $20,000
    was paid by the Secretary of State out of the Motor Vehicle
    Accident Claims Fund, that amount being the statutory maxi-
    mum which may be paid on account of an injury or death of
    one person. Following a bench trial on Woodrow Ingram's
    claims for damages arising out of his own injuries, for recovery
    of medical expenses for treatment of Lottie, for recovery of
    wages he lost by reason of Lottie's injuries, and for loss of
    services and companionship, the Wayne Circuit Court, Roland
    L. Olzark, J., entered a judgment in favor of plaintiff Woodrow
    Ingram individually in the amount of $24,749.75, all but $950
    of that sum being for costs and losses relating to Lottie's
    injuries. When the Secretary of State failed to object to pay-
    ment of that judgment within the statutory 30-day period in
    which the Secretary of State has to act upon an application for

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d (Rev), Automobile Insurance § 298.
[2] 7 Am Jur 2d (Rev), Automobile Insurance § 327.
    7 Am Jur 2d, Automobiles and Highway Traffic § 413.
    Validity and construction of provisions of unsatisfied claim and
        judgment statutes for deduction from awards of sums collectible
        by claimant from other sources. 7 ALR3d 836.

payment, plaintiff moved to compel payment of the individual judgment. In answering the motion to compel payment, the Secretary of State argued that payment by the Fund of that portion of the plaintiff's individual judgment relating to costs and losses arising out of the wife's injuries was barred by the fact that the Fund had already paid the statutory maximum of $20,000 on account of the injury to Lottie Ingram and that, with respect to the $950 for Woodrow Ingram's own injuries, the Fund's obligation to make payment was extinguished by the $1,900 payment received by Woodrow Ingram from a private insurer. The trial court granted the motion to compel payment and ordered the Secretary of State to pay to plaintiff $20,000 plus interest and costs, the court holding that any objections to payment were waived by the failure of the Fund to comply with the 30-day notice requirement. The Secretary of State appeals. *Held:*

1. The Motor Vehicle Accident Claims Fund is, by statute, not liable for more than $20,000 on account of the injury or death of any one person. Since all but $950 of plaintiff's individual judgment involved costs and losses which flowed from the injuries to plaintiff's deceased wife, and since the Fund had already paid $20,000 to the estate of plaintiff's wife for injuries to plaintiff's deceased wife arising out of the accident, the portion of plaintiff's individual judgment which arose out of his deceased wife's injuries constituted a claim in excess of the statutory maximum payment.

2. The Motor Vehicle Accident Claims Act clearly permits the Fund to set off against any claim against the Fund any amounts received by reason of the existence of a policy of insurance. Since plaintiff admitted that he had received $1,900 from a private insurer, the Fund would be able to apply that amount against the obligation of the Fund. The amount of plaintiff's individual injuries having been determined to be only $950, the application of the setoff would result in no obligation on the part of the Fund to pay plaintiff for his individual injuries.

3. Since the Motor Vehicle Accident Claims Act provides that the Secretary of State may recover any amount paid by the Fund in excess of the amount authorized by the Act, and since there is no time limitation associated with bringing such an action, the failure of the Secretary of State to make a timely objection to payment does not constitute a waiver of the defense that the statutory maximum amount has been paid. The Secretary of State may raise at any time the defense that the statutory limits of the Fund have been paid.

Reversed and remanded.

1. AUTOMOBILES — MOTOR VEHICLE ACCIDENT CLAIMS FUND — LIMITATION OF PAYMENTS — STATUTES.

> The Motor Vehicle Accident Claims Fund is by statute not liable for more than $20,000 for the injuries attributable to any one person (MCL 257.1123[1]; MSA 9.2823[1]).

2. AUTOMOBILES — MOTOR VEHICLE ACCIDENT CLAIMS FUND — OTHER INSURANCE COVERAGE — SETOFFS — STATUTES.

> The Motor Vehicle Accident Claims Fund may set off any amounts received by a claimant under the uninsured motorist coverage of a policy of insurance issued by an insurer (MCL 257.1122[2]-[3]; MSA 9.2822[2]-[3]).

3. AUTOMOBILES — MOTOR VEHICLE ACCIDENT CLAIMS FUND — TIMELY OBJECTION TO PAYMENT — FAILURE TO OBJECT — WAIVER — STATUTORY LIABILITY LIMITS.

> The failure of the Secretary of State, acting in his capacity as director of the Motor Vehicle Accident Claims Fund, to make a timely objection to payment as required by the Motor Vehicle Accident Claims Act does not waive the right of the Secretary to assert the defense that the Fund has paid the maximum amount permitted by statute; the Secretary of State may raise the defense of payment from the Fund of the statutory limits at any time.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *David K. Barnes*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Edgar L. Church, Jr.,* Assistants Attorney General, for defendant Secretary of State.

Before: D. C. RILEY, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

D. C. RILEY, P.J. On June 13, 1973, an action was commenced by plaintiffs, Woodrow Ingram and his wife Lottie, for injuries each had sustained when their automobile collided with a vehicle owned by defendant W. J. Hightower and operated by defendant Danny McCastle, both uninsured. The Secretary of State intervened as a party-defen-

dant under MCL 257.1108; MSA 9.2808, on the individual defendants' behalf.

While the matter was pending, plaintiff Lottie Ingram died, apparently from causes unrelated to the automobile accident. The cause of action was continued by plaintiff Woodrow Ingram on his own behalf and as administrator of his wife's estate.

On June 3, 1977, a consent judgment was entered in favor of the estate of Lottie Ingram and against the individual defendants in the amount of $40,000, of which $20,000 was paid by the Secretary of State out of the Motor Vehicle Accident Claims Fund.

On June 7, 1977, a judgment of $24,749.75 was entered for plaintiff (hereinafter the term plaintiff shall refer to Woodrow Ingram in his individual capacity only), of which all but $950 was for costs related to his wife's injuries. Plaintiff moved to compel payment of the judgment on August 22, 1977. This motion was granted because the intervening defendant had failed to comply with the requirement of MCL 257.1107(2); MSA 9.2807(2), that objections to payment must be made within 30 days of receipt of an application for payment. The intervening defendant appeals as of right from this decision.

Intervening defendant first asserts that it has a valid defense to payment since it has already paid the full amount of damages required by law.

The pertinent statute provides:

"(1) In respect to applications under this act for payment of damages arising out of motor vehicle accidents occurring in this state on or after January 1, 1966, the secretary shall not pay out of the fund, (a) more than $20,000.00, exclusive of costs, on account of injury to or the death of 1 person, and, subject to such limit for any one person so injured or killed, not more

than $40,000.00, exclusive of costs, on account of injury to or the death of 2 or more persons in any one accident; and (b) more than $10,000.00, exclusive of costs, for loss of or damage to property resulting from any one accident." MCL 257.1123(1); MSA 9.2823(1).

Thus, the Motor Vehicle Accident Claims Fund is not liable for more than $20,000 for the injury or death of any one person. The damages attributable to physical injury may include medical expenses, loss of consortium, etc. See *Dillon v Secretary of State,* 61 Mich App 588; 233 NW2d 96 (1975). However, once the statutory limit is met with regard to one person, no other person may recover separately from the Fund. *Dillon, supra,* 591.

In the instant case, a consent judgment awarded $40,000 to the estate of Lottie Ingram for her mental anguish, pain and suffering and loss of earning capacity, $20,000 of which was paid by intervening defendant out of the Fund. Twenty thousand dollars is the compensation limit under existing law for injuries attributable to a single person. Therefore, plaintiff may not recover the $23,799.75 of the damages awarded him individually for his wife's injuries.

Intervening defendant also claims that it is not liable for the remaining $950 of the total $24,749.75 damages awarded to plaintiff for his own injuries.

Under MCL 257.1122; MSA 9.2822,[1] the Secre-

---

[1] "(2) No payment shall be made out of the fund in respect to a claim or judgment for damages or in respect to a judgment against the secretary, of any amount paid or payable by an insurer by reason of the existence of a policy of insurance or of any amount paid or payable by any other person by reason of the existence of any policy, contract, agreement or arrangement, providing for the payment of compensation, indemnity or other benefits.

"(3) No amount sought to be paid out of the fund shall be sought in lieu of making a claim or receiving a payment that is payable by

tary of State may set off against a judgment any amounts received by a party under uninsured motorist coverage. Plaintiff acknowledges that he has received payment from Allstate Insurance Company in the amount of $1,900. Once this amount is applied against plaintiff's award of $950, the intervening defendant has no further obligation to pay plaintiff.

Of course, the proceeding discussion is superfluous if intervening defendant is barred from asserting its claim based on noncompliance with the objection procedures, for, although the lower court found intervening defendant's claim meritorious, it held that its protest was precluded by its laxity under MCL 257.1107(2); MSA 9.2807(2).

That statute provides a time limit for the filing of objections to payment.

"(2) Where an application is made under this section, the secretary, at any time within 30 days of the receipt of the application, may give written notice to the applicant of any objection to payment of such judgment or any part of it. Where the secretary gives the notice the applicant may apply to the court entering judgment for a finding or determination in respect of any matter in connection with the application for payment out of the fund." MCL 257.1107(2); MSA 9.2807(2).

However, MCL 257.1123(2); MSA 9.2823(2),[2] states that the Secretary of State may recover any amount paid from the fund in excess of the autho-

reason of the existence of a policy of insurance, or in lieu of making a claim or receiving a payment that is payable by reason of the existence of any policy, contract, agreement or arrangement, providing for the payment of compensation, indemnity or other benefits, to which the claimant would be entitled in the absence of this act." MCL 257.1122; MSA 9.2822.

[2] "Any amount paid out of the fund in excess of the amount authorized by this section may be recovered by action brought by the secretary." MCL 257.1123(2); MSA 9.2823(2).

rized amount—here $20,000. This right is not subject to any time limit.

When there are two acts, as here, one general and one specific, the specific statute must be viewed as an exception to the general rule. *Flint Board of Education v Williams,* 88 Mich App 8, 15-16; 276 NW2d 499 (1979). We hold, therefore, that where an issue of excess payment exists, the Secretary of State is not bound by the 30-day rule but may assert the defense of the Fund's limited obligation to pay at any time.

Under MCL 257.1123(1); MSA 9.2823(1), the intervening defendant was not obligated to pay anything on the June 7, 1977, judgment in favor of plaintiff, because the intervening defendant had already paid the $20,000 maximum for injuries suffered by any one person. Since this amount is the absolute statutory limit, it did not waive this defense by failing to notify plaintiff of it within 30 days of plaintiff's application for payment of the judgment. The lower court's order recognizing a waiver and compelling payment must be reversed.

Reversed and remanded for proceedings consistent with this opinion.

No costs, a public issue being involved.