JOHNSON v WOODSON

Docket No. 49260. Submitted June 25, 1981, at Detroit.—Decided
    September 8, 1981.

Ronald Johnson and Joyce Johnson, his wife, were involved in an
    automobile accident in which their automobile collided with a
    car operated by John L. Woodson, who was uninsured at the
    time of the accident. The Johnsons commenced a suit against
    Woodson in Wayne Circuit Court. Following Woodson's default,
    the Secretary of State entered the case. Following trial, judg-
    ments were entered in favor of both plaintiffs. These judgments
    were subject to setoffs occasioned by payments made to the
    plaintiffs from the uninsured motorist provisions of their own
    automobile insurance policies. The Secretary of State, repre-
    senting the Motor Vehicle Accident Claims Fund, paid the
    judgment minus the setoff and the interest on that amount
    only. The plaintiffs brought a motion to compel the fund to pay
    interest on the entire judgment amount before the setoff.
    Ricardo J. Lubienski, J., granted the plaintiffs' motion and
    entered an appropriate order. The Secretary of State appeals by
    leave granted. *Held:*

The Legislature has clearly defined the statutory limits in
    terms of both ultimate liability and in terms of required setoffs
    for the fund. The legislative intent was that the fund should
    pay interest only on its ultimate liability.

Reversed and remanded.

1. AUTOMOBILES — MOTOR VEHICLE ACCIDENT CLAIMS FUND — OTHER
    INSURANCE COVERAGE — SETOFFS — STATUTES.
    The Motor Vehicle Accident Claims Fund may set off any

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 327, 328.
    Choice of law as to validity of "other insurance" clause of unin-
    sured motorist coverage. 83 ALR3d 321.
    Validity and construction of "other insurance" provisions. 28
    ALR3d 551.
[2, 3] 7A Am Jur 2d, Automobile Insurance § 428.
    Liability insurer's liability for interest and costs on excess of
    judgment over policy limit. 76 ALR2d 983.

amounts received by a claimant under the uninsured motorist coverage of a policy of insurance issued by an insurer.

2. Automobiles — Motor Vehicle Accident Claims Fund — Interest — Liability.

The Motor Vehicle Accident Claims Fund is liable for the payment of pre-judgment and post-judgment interest once it has intervened on the behalf of an uninsured motorist.

3. Automobiles — Motor Vehicle Accident Claims Fund — Interest — Statutes.

The Legislature has clearly defined the statutory limits in terms of both ultimate liability and in terms of required setoffs for the Motor Vehicle Accident Claims Fund and the legislative intent is that the fund should pay interest only on its ultimate liability.

*Norman P. Ochs, P.C.* (by *John R. Rinn*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Stanley D. Steinborn,* Chief Assistant Attorney General, and *Edgar L. Church, Jr.,* Assistant Attorney General, for defendant.

Before: J. H. Gillis, P.J., and Bashara and K. N. Sanborn,* JJ.

Per Curiam. This matter arises from an automobile accident involving the cars of Ronald and Joyce Johnson and John L. Woodson, which occurred on July 17, 1973. Woodson was uninsured at the time of the mishap.

Suit was commenced on June 6, 1975. Following Woodson's default, the Secretary of State actively entered the case pursuant to MCL 257.1108; MSA 9.2808, the same being a part of the Motor Vehicle Accident Claims Act. MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Following a trial on the merits, judgments were returned in favor of Ronald Johnson in the amount of $20,500 and in favor of Joyce Johnson for $12,500. These judgments were subject to set-offs of $8,461 and $7,000 respectively. The deductions were occasioned by payments made to plaintiffs from the uninsured motorist provisions of their own automobile insurance policies.

Pursuant to MCL 257.1108; MSA 9.2808, the Motor Vehicle Accident Claims Fund became obligated to satisfy the judgments. Upon the entry of these judgments, a dispute arose as to the amount of interest which had accrued. The Secretary of State, representing the fund, contended that interest accrued only on the fund's ultimate liability, the amount of the judgments after the setoffs were deducted. Plaintiffs asserted that interest was owed on the initial dollar amount of the judgments, *i.e.,* ultimate liability plus the setoff figures.

The Secretary of State on behalf of the fund tendered the undisputed amount of interest and refused to pay the remainder. Plaintiffs brought a motion to compel payment of the remaining amount. The motion was approved and appropriate order entered. The present appeal by leave granted then followed.

The fund's liability is confined to those limits set forth in MCL 257.1123(1); MSA 9.2823(1). There is no question that the fund is entitled to a setoff in an amount equal to that which a plaintiff has received from his own insurer in the way of uninsured motorist coverage. *Ingram v McCastle,* 97 Mich App 593; 296 NW2d 116 (1980).

Plaintiffs place considerable reliance upon *Douglas v Secretary of State,* 32 Mich App 533, 538; 189 NW2d 114 (1971), which holds that the fund is liable for both pre-judgment and post-judgment

interest. *Douglas* further states that such interest is limited only to the "statutory obligation" of the fund. It is noted that *Douglas* addresses the issue of interest liability in terms of judgments in excess of the statutory limit. The present case is distinguishable in that the awards, with or without setoffs, fall within the statutory limits.

Reference is made to *Silisky v Midland Ross Corp,* 97 Mich App 470, 475-477; 296 NW2d 576 (1980). The case holds that where prior settlements are deducted from the facial value of a given judgment, interest accrues upon the ultimate liability of the judgment only and not upon its facial value. A contrary result would force a losing party to pay interest on a debt for which that party had no liability. This amounts to unjust enrichment.

In the instant case, the foregoing logic is even more compelling. The Legislature has clearly defined the statutory limits in terms of both ultimate liability and in terms of required setoffs. We believe that the legislative intent was that the fund should pay interest only on its ultimate liability.

The decision of the trial court being to the contrary, that decision is reversed. The matter is remanded for entry of an order in conformity with this opinion. No costs are assessed, a novel question being presented.