GUDEWICZ v MATT'S CATERING, INC

Docket No. 127977. Submitted December 20, 1990, at Detroit. Decided February 7, 1991; approved for publication April 19, 1991, at 9:05 A.M.

Carol and Steven Gudewicz brought an action in the Wayne Circuit Court against Matt's Catering, Inc., seeking damages for injuries sustained by Carol Gudewicz when a coffee urn fell during a party catered by the defendant. A mediation award of $10,000 for the plaintiffs was rejected by the parties and trial was set for February 5, 1990. The plaintiffs offered to stipulate to the entry of a $25,000 judgment on January 5, 1990, and the defendant counteroffered $4,000 on January 19, 1990. The parties did not reach an agreement, and, following a trial, the jury returned verdicts of no cause of action against Steven Gudewicz and $500 for Carol Gudewicz. The court, Marianne O. Battani, J., denied the defendant's motion for costs and attorney fees, concluding that the counteroffer was not timely because the plaintiffs would not have the full twenty-one-day period provided by the court rules to respond to the counteroffer and, therefore actually was a rejection of the plaintiffs' offer, and that an offeree who has not made a counteroffer may not recover actual costs. The defendant appealed.

The Court of Appeals *held:*

The defendant was entitled to actual costs and attorney fees. The defendant's counteroffer was timely because it was made within twenty-one days of plaintiffs' offer. The plaintiffs must be deemed to have accepted the possibility that, by submitting their offer shortly before trial, they might not have the full twenty-one-day period provided by the court rules to respond to the defendant's counteroffer. Although the plaintiffs' refusal to accept the counteroffer may have been reasonable, there were no unusual circumstances presented, and the court abused its discretion in refusing to award defendant reasonable attorney fees. The plaintiffs deliberately chose to take their chances

REFERENCES

Am Jur 2d, Costs §§ 23, 24.
See the Index to Annotations under Attorneys' Fees, Costs of Actions; Counteroffers; Offers; Tender.

before a jury and, in light of the jury's determination, the counteroffer was reasonable.

Reversed and remanded.

1. JUDGMENTS — OFFERS OF SETTLEMENT.

A counteroffer is timely when submitted within twenty-one days of an offer to stipulate to the entry of a judgment, even though there is not a full twenty-one-day period available for a response to the counteroffer before trial of the matter (MCR 2.405[A][2],[B],[C][1],[3]).

2. JUDGMENTS — OFFERS OF SETTLEMENT — ATTORNEY FEES.

The purpose of the court rule regarding offers to stipulate to an entry of judgment is to encourage settlement and deter protracted litigation; the sanctions provisions of the court rule should be routinely enforced and attorney fees granted, absent circumstances such as an unusually large verdict or a verdict rendered in favor of the defendant in the face of catastrophic damages (MCR 2.405).

*Ronald S. Olszewski,* for the plaintiffs.

*Kallas, Lower, Henk & Treado, P.C.* (by *Howard C. Treado*), for the defendant.

Before: GRIBBS, P.J., and MACKENZIE and JANSEN, JJ.

PER CURIAM. Defendant Matt's Catering, Inc., appeals as of right from an order denying its motion for costs and attorney fees pursuant to MCR 2.405. We reverse and remand.

Plaintiff Carol Gudewicz was burned when a coffee urn fell during a party catered by defendant at a hall owned by VFW Post 1494. This lawsuit followed. On November 6, 1989, the case was mediated at $10,000 in favor of plaintiffs and against defendant. The case was also mediated at $4,000 in favor of plaintiffs and against the VFW post. All parties rejected the mediation awards, and trial was set for February 5, 1990.

On January 5, 1990, plaintiffs submitted to de-

fendant an offer to stipulate to entry of judgment in the amount of $25,000. On January 19, 1990, defendant submitted a counteroffer in the amount of $4,000. On the morning trial was to begin, several attempts were made by the trial judge to resolve the matter, without success. After a three-day trial, the jury returned a $1,000 verdict in favor of plaintiff Carol Gudewicz, to be apportioned on a fifty percent basis between defendant and the VFW post. The jury returned a verdict of no cause of action against plaintiff Steven Gudewicz.

On February 13, 1990, defendant filed its motion for costs and attorney fees pursuant to MCR 2.405. Following a hearing, the trial court denied the motion.

MCR 2.405(B) provides:

> Offer. Until 28 days before trial, a party may serve on the adverse party a written offer to stipulate to the entry of a judgment for the whole or part of the claim, including interest and costs then accrued.

The offeree has twenty-one days in which to respond to an offer. MCR 2.405(C)(1). The offer may be accepted, rejected, or countered. A counteroffer may be accepted or rejected in the same manner as an offer. MCR 2.405(C)(3).

MCR 2.405(D) provides in part:

> Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:
>
> (1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.
>
> (2) If the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the offeree's actual costs in-

curred in the prosecution or defense of the action. *However, an offeree who has not made a counter-offer may not recover actual costs.* [Emphasis added.]

Actual costs are defined as "the costs and fees taxable in a civil action and a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment." MCR 2.405(A)(6). MCR 2.405(D)(3) provides:

The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule.

In this case, the trial court determined that defendant was not entitled to actual costs because its counteroffer was not timely. The court seemingly concluded that, because a party has twenty-one days to respond to a counteroffer, MCR 2.405(C)(3), defendant's counteroffer, made seventeen days before trial, came too late. The court then apparently reasoned that an untimely counteroffer must be deemed a rejection of the original offer, and applied the emphasized provision of MCR 2.405(D)(2) to deny defendant's motion for costs.

We believe that the trial court misconstrued the court rule. Under the rule, a party has twenty-one days to respond to an offer by either accepting, rejecting, or countering. Defendant's counteroffer was submitted within that twenty-one-day period and therefore should be deemed timely.

Under the trial court's construction, whenever a party submits an offer twenty-eight days before trial, MCR 2.405(B), the offeree would be forced to either (1) counteroffer within seven days, contrary to the twenty-one-day period set forth at MCR 2.405(A)(2); (2) file a meaningless counteroffer to

avoid the provision of MCR 2.405(D)(2) that an offeree who has not counteroffered may not recover actual costs; (3) accept the offer without benefit of negotiation in order to avoid possible sanctions under MCR 2.405(D); or (4) reject the offer without benefit of negotiation and risk the imposition of sanctions. Each of these alternatives greatly limits or effectively eliminates the offeree's right to submit a counteroffer. The result is that, by waiting until the eve of trial to make an offer to stipulate to entry of judgment, an offeror can severely restrict the negotiating position of his offeree while simultaneously assuring that the offeree will not be able to recover costs should negotiations fail and the offeree ultimately prevail.

The purpose of MCR 2.405 is to encourage settlement and to deter protracted litigation. *Sanders v Monical Machinery Co,* 163 Mich App 689, 692; 415 NW2d 276 (1987). The result above is inconsistent with that purpose. Furthermore, in light of the obvious significance the Supreme Court has placed on counteroffers—by making them mandatory in order for a prevailing offeree to recover costs—we must reject that result.

We conclude that when a party waits until shortly before trial to make an offer to stipulate to entry of judgment, the offeror must be deemed to have accepted the possibility of having less than the full twenty-one-day period to respond to a potential timely counteroffer. This conclusion allows a party to make a last-minute offer, for strategic or other reasons, yet preserves the integrity of the offeree's right to submit a counteroffer within twenty-one days of the offer. In this case, the fact that plaintiffs chose to accept the possibility of having less than twenty-one days to respond to defendant's counteroffer did not render the counteroffer untimely, as the trial court held.

Rather, defendant's counteroffer was timely because it was made within twenty-one days of plaintiffs' January 5, 1990, offer. Defendant was therefore entitled to actual costs under MCR 2.405(D)(2).

The trial court also ruled that, even if defendant were entitled to actual costs, the court would refuse, in the interest of justice, to award defendant attorney fees. MCR 2.405(D)(3). The basis for this ruling was that plaintiffs' decision not to accept defendant's $4,000 counteroffer was reasonable, because the mediation awards totaled $14,-000.

In 2 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), pp 455-456, the authors note:

> As to attorney fees, the rule itself gives no guidance as to the kinds of situations in which a court may determine that the interests of justice preclude an award of attorney fees. . . . [S]hould the courts liberally interpret the subrule, and routinely deny the imposition of attorney fees, trial counsel will quickly realize that the cost provisions and monetary sanctions imposed by rule 2.403(O) [mediation sanctions] may be readily negated by the submission of an offer of settlement under rule 2.405. See MCR 2.405(D)(6). If the imposition of sanctions under rule 2.403 is mandatory (which it is), but only discretionary under rule 2.405 (which they are), the authors have little doubt as to which rule the parties will elect to control in the action. Unless the imposition of costs under rule 2.405 is equally as certain as they are [sic] under rule 2.403, Michigan's mediation rule will quickly be rendered useless . . . .

Similar concerns were expressed by this Court in *Sanders, supra.* The *Sanders* panel concluded that the sanctions provisions of the court rule should be routinely enforced and attorney fees

granted, except in the event of an unusually large verdict, or in the event of a defense verdict rendered in the face of catastrophic damages. 163 Mich App 692-693. In *Stamp v Hagerman,* 181 Mich App 332, 339; 448 NW2d 849 (1989), another panel concluded that, while not controlling, the good faith or reasonable conduct of the parties properly may be considered by a trial court in resolving the question whether attorney fees are appropriate.

In this case, the sole reason given by the trial court for denial of attorney fees was that plaintiffs reasonably refused the counteroffer. This was insufficient justification under *Stamp* and *Sanders, supra,* and runs contrary to the policy of *Sanders* and the commentators which favors the award of attorney fees absent unusual circumstances.

In *Sanders,* the plaintiffs were of modest means, they faced a workers' compensation lien of $40,000 and spent $12,000 on their lawsuit, plaintiff Mary Sanders was pregnant, and she had suffered permanent disfigurement as a result of the accident which led to the lawsuit. This Court held that because the plaintiffs deliberately chose to take their chances before a jury, and because the defendant's $5,000 offer was reasonable in light of the jury's verdict of no cause of action, an award of attorney fees was appropriate. See 163 Mich App 693. In this case, Carol Gudewicz' injuries were relatively nonserious. As in *Sanders,* plaintiffs deliberately chose to take their chances before a jury. Also as in *Sanders,* in light of the jury's determination that defendant's liability amounted to $500, defendant's $4,000 counteroffer was reasonable. Finally, we note that had plaintiffs not made their original offer to stipulate to entry of judgment, their payment of actual costs would have been mandatory under the mediation court

rule, MCR 2.403(O)(1). See Martin, Dean & Webster, *supra.* While plaintiffs' refusal to accept defendant's counteroffer may have been reasonable, on balance, we conclude that the trial court abused its discretion in refusing to award defendant reasonable attorney fees.

Reversed and remanded for determination of reasonable attorney fees. We retain no further jurisdiction.