SANDERS v MONICAL MACHINERY COMPANY

Docket No. 88662. Submitted April 8, 1987, at Grand Rapids. Decided October 19, 1987.

Mary M. Sanders injured her right forearm on the job when it got caught in a rotary press she was operating. Sanders, along with her husband, Thomas Sanders, brought an action in Mason Circuit Court against Monical Machinery Company, who had sold the press to Sanders' employer, and Black Brothers, who had manufactured the press. Plaintiffs did not respond to an offer made by Monical Machinery to stipulate to the entry of a judgment for $5,000, but settled with Black Brothers for $18,000. The matter proceeded to trial before a jury, which returned a verdict of no cause of action. The trial court, Richard I. Cooper, J., denied plaintiffs' motion for a new trial and granted defendant Monical Machinery's bill of costs which included $5,112.60 in attorney fees. Plaintiffs appealed, claiming error in the trial court's grant of defendant's attorney fees.

The Court of Appeals *held:*

1. The purpose of the court rule regarding offers to stipulate to the entry of a judgment is to encourage parties to settle prior to trial. If an offer to settle is made and the offer is not patently frivolous, the rule puts an obligation on the offeree to accept the offer or make a counteroffer. Rejecting or ignoring the offer puts the offeree to the judgment of the jury and, if the offeree loses, at risk of costs and reasonable attorney fees as provided under the court rule and determined by the trial judge.

2. Plaintiffs did not raise the issue of the reasonableness of the attorney fees at the trial court level and thus did not preserve it for appellate review.

Affirmed.

REFERENCES

Am Jur 2d, Compromise and Settlement §§ 7-9.

Am Jur 2d, Stipulations §§ 1 *et seq.*

See the annotations in the Index to Annotations under Compromise and Settlement.

See the annotations in the Index to Annotations under Stipulations.

Judgments — Offers to Stipulate to Entry of Judgment —
    Taxable Costs — Court Rules.

  The purpose of the court rule regarding offers to stipulate to the
    entry of a judgment is to encourage parties to settle prior to
    trial; if an offer to settle is made and the offer is not patently
    frivolous, the rule puts an obligation on the offeree to accept
    the offer or make a counteroffer; rejecting or ignoring the offer
    puts the offeree to the judgment of the jury and, if the offeree
    loses, at risk of costs and reasonable attorney fees as provided
    under the court rule and determined by a trial court; the court
    rule does not require a trial court to determine relative ability
    to pay or other compensation which the offeree may or may not
    have received (MCR 2.405).

*Randolph McCarthy, Jr., P.C.* (by *Kenneth Kobayashi*), for plaintiffs.

*Kaufman & Payton* (by *Thomas G. Herman*), for defendant.

Before: Weaver, P.J., and D. E. Holbrook, Jr., and T. Gillespie,* JJ.

T. Gillespie, J. This is an appeal from an order issued pursuant to MCR 2.405 in which the trial court awarded $5,112.50 in attorney fees to the defendant corporation after trial based on an industrial injury which resulted in a jury verdict of no cause of action. The basis for such ruling was plaintiff's failure to respond to an offer of judgment in the amount of $5,000 made by defendant prior to trial which triggered the provisions of MCR 2.405. We affirm.

Plaintiff Mary Sanders, on June 22, 1979, was operating a rotary press for Merdel Manufacturing Company in Ludington. She observed glue on one of the rollers and attempted to wipe it off without stopping the press. The rag she was using was caught in the press, pulling her arm into the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rollers. She suffered what is called a "degloving" injury to her right forearm.

Black Brothers manufactured the press. Defendant Monical Machinery had sold the press to Merdel as a piece of used equipment.

Mary Sanders and her husband brought suit against Black Brothers and Monical, but settled with Black Brothers for $18,000 on the day of trial. In April, 1985, prior to trial, Monical submitted an offer of judgment for $5,000. Plaintiffs made no response to this offer.

The matter was tried for four days before a jury which returned a verdict of no cause of action in favor of Monical. Plaintiffs sought a new trial, which was denied, and the court granted defendant's bill of costs which included attorney fees under MCR 2.405(D)(3).

By stipulation the plaintiffs withdrew their claim of error regarding the trial court's denial of the motion for a new trial and the only issue on appeal is the granting of defendant's attorney fees.

The plaintiffs made a compassionate argument that they face a workers' compensation lien of $40,000; that Mary Sanders suffered a "catastrophic" injury which involves permanent disfiguration; that their costs of suit were over $12,000; that they are of modest means; and that Mary Sanders was pregnant at the time of trial. Plaintiffs maintain that in the light of these unfortunate circumstances it was an abuse of discretion for the court to heap defense attorney fees on a negative jury verdict and the court should have, "in the interest of justice" under MCR 2.405(D)(3), denied attorney fees.

The new court rules went into effect March 1, 1985. There has been insufficient time to establish a body of law interpreting MCR 2.405. It is clear, however, that the Michigan Supreme Court sought

to expand the scope of former rule GCR 1963, 519 to encourage settlement and to deter protracted litigation. MCR 2.405 and MCR 2.403, the mediation rule, are designed to accomplish that purpose.

It is also clear that MCR 2.403 is mandatory in its award of attorney fees to the prevailing party. MCR 2.405 by its terms is discretionary. The rule itself provides no guidance as to when the "interest of justice" precludes an award of attorney fees.

The rule should, in our opinion, be routinely enforced and attorney fees granted. The reason for this is that MCR 2.405(E) provides:

> In an action in which there has been a rejection of a mediation award pursuant to MCR 2.403 and a rejection of an offer under this rule, the cost provisions of the rule under which the later rejection occurred control.

It can readily be seen that astute counsel could make a token offer of settlement after an unfavorable award in mediation and thereby nullify the sanctions of MCR 2.403(D) if the term "in the interest of justice" is too liberally interpreted by Michigan courts.

On the other side of the coin, MCR 2.405 can be, and sometimes is, abused by making a de minimis offer of judgment early in a case, not with intention to settle, but with the hopes of tacking attorney fees to costs in the event of success on trial. For this reason it seems apparent that there should be some flexibility in order that a trial judge can prevent injustice both ways, but favoring the granting of such fees.

Judge William Giovan, in an article entitled Pretrial and Trial Procedures under the Michigan Court Rules, MSBJ 933, 935 (October, 1984), suggests that "while the rule does not define that

terminology, 'in the interest of justice,' one can speculate that reluctance to impose reasonable attorney fees may occur, if at all, in the event of an unusually large verdict, or in the event of a defense verdict rendered in the face of catastrophic damages."

The plaintiffs, having read that article, seek to bring their appeal within the latter example.

Mary Sanders had a serious but not catastrophic injury. Under MCR 2.405 she had an opportunity to respond to Monical's offer with a counteroffer which would have been acceptable to her. She elected not to do that, but to rely instead on her chances before a jury. This was a deliberate choice. In light of the jury's finding of no liability on the part of the defendant, a $5,000 offer was reasonable. The trial judge was aware of the facts and used his discretion reasonably.

The plaintiffs' second argument is that the discretionary language "in the interest of justice" intends to permit awards of attorney fees only in those exceptional cases where there has been bad faith or unreasonable conduct.

The purpose of MCR 2.405 is to encourage parties to settle matters prior to trial. If an offer to settle is made and the offer is not patently frivolous, this rule puts an obligation on the offeree to accept the offer or make a counteroffer. Rejecting or ignoring the offer puts the offeree to the judgment of the jury and, if he or she loses before the jury, at risk of costs and attorney fees provided in MCR 2.405. The rule does not require the court to determine relative ability to pay or other compensation which the offeree may or may not have received.

Plaintiffs' third argument is that it was error requiring reversal for the trial judge not to have

inquired into the reasonableness of the bill of costs presented.

MCR 2.405(A)(6) gives the court a directive to award costs which are legitimate and reasonable. It also gives the court discretion to award reasonable attorney fees for "services necessitated by the failure to stipulate to the entry of judgment."

There is no provision for the court to compromise the motion for attorney fees and all fees incurred after rejection of the offer, or after the time for acceptance has elapsed, must be included.

It is inherent in the court's power to determine reasonableness.

In that regard, we look at the context of the court's ruling. On October 15, 1985, a hearing was held. Judge Cooper, the trial judge who presided at the trial, stated that the jury verdict was made on comparative negligence and that he agreed with the jury. He mentioned that there was a guard on the machine, which was arguably adequate or inadequate, but Mary Sanders had been fully warned not to involve herself with the rollers when the machine was running, and consequently, there was no liability on the part of the defendant. He further stated that if there is no liability and the plaintiffs elect to go to trial and the jury finds no cause of action, this triggers MCR 2.405(D)(3). We find such statement accurate.

After the judge's statement, the defense counsel presented her bill of costs which included attorney fees and interest. The judge ordered her to provide the bill of costs to plaintiffs' counsel, who objected to calling it a "judgment" and to paying interest on the attorney fees. The court agreed and the title of the bill was changed to "order" and the interest provision was excised.

Plaintiffs' counsel was successful in persuading the court not to grant interest and to change the

word "judgment" to "order". He indicated, subsequent to these changes, that the order was "fine." He did not indicate to the court that he believed the amount was unreasonable. In fact, plaintiffs' counsel stated that "the only thing [he had] a question about" were the items which resulted in the two changes as described above.

Plaintiffs thereby waived their objections to reasonableness at the October 15, 1985, hearing. Counsel did not request a hearing or preserve the question of reasonableness for review. *Swartz v Dow Chemical Co,* 414 Mich 433, 446; 326 NW2d 804 (1982); *Petterman v Haverhill Farms,* 125 Mich App 30, 33; 335 NW2d 710 (1983).

The charges made by the defendant for attorney fees were for 67.5 hours of trial time and three out-of-town depositions at $75 per hour. The objections raised in plaintiffs' brief of August 29, 1985, were both as to the rate of compensation and quantity of time. Particular objection was for defendant's attorney's time spent at depositions not called by him and at which he did not exercise his right to cross-examine. The Court found $100 an hour to be reasonable in *Burke v Angies, Inc,* 143 Mich App 683, 692-693; 373 NW2d 187 (1985), lv den 422 Mich 966 (1985), and $75 an hour in *Johnston v Detroit Hoist & Crane Co,* 142 Mich App 597, 599; 370 NW2d 1 (1985).

We further feel that it was necessary for defendant's counsel to be present at all depositions scheduled to properly represent his client.

The charges were reasonable and the court did not err in approving the bill of costs.

Plaintiffs' fourth and fifth issues are without merit.

As their fourth issue, the plaintiffs contend that MCR 2.405(A)(3), which is the definition of "average offer," should be construed to be the $5,000

which defendant offered divided by two, or $2,500. They are mistaken in their interpretation of this subsection. They ignore the second sentence of that subsection which reads: "If no counteroffer is made, the *offer* shall be used as the average offer."

They are likewise mistaken in their fifth contention in their belief that their own costs may be offset against the defendant's costs. Plaintiffs were not the prevailing party in the trial and they again ignore the second sentence in MCR 2.405(D)(2) which states: "However, an offeree who has not made a counteroffer may not recover actual costs."

Affirmed.