BROOKS v GOUGH

Docket No. 124860. Submitted May 8, 1991, at Marquette. Decided
    June 3, 1991, at 9:40 A.M. Leave to appeal sought.

  Linda and John Brooks brought an action in the Mackinac
    Circuit Court against Reginald and William Gough, seeking
    damages for injuries Linda Brooks sustained while riding in a
    horse and buggy rented from and driven by the defendants.
    Mediation resulted in an evaluation of $150,000 for the plain-
    tiffs, which the plaintiffs accepted and the defendants rejected.
    Twenty-eight days before trial, the defendants, pursuant to
    MCR 2.405, offered to stipulate to the entry of a judgment in
    favor of the plaintiffs in the amount of $25,000, which the
    plaintiffs rejected. Judgment was entered on a jury verdict of
    $100,000 for the plaintiffs. The court, Nicholas J. Lambros, J.,
    denied a motion by the plaintiffs for an award of actual costs
    pursuant to MCR 2.405(D)(2). The plaintiffs appealed.
      The Court of Appeals *held:*
      1. The trial court did not err in denying the plaintiffs'
    motion. MCR 2.405(D)(2) specifies that an offeree who has not
    made a counteroffer may not recover actual costs. Although
    plaintiffs were precluded from making a timely counteroffer
    because the court rule requires that offers and counteroffers be
    made no later than twenty-eight days before trial, they never-
    theless were unable to provide a reason why they could not
    have made an offer of their own during the years between the
    filing of their complaint and the date of trial.
      2. The plaintiffs' claim that the defendants' last-minute offer
    was made in bad faith to deprive them of costs under the
    mediation court rule, MCR 2.403, need not be addressed. The
    plaintiffs are not entitled to those costs because the verdict was
    more favorable to the defendants than the mediation evalua-
    tion.
      Affirmed.

REFERENCES
Am Jur 2d, Costs §§ 23, 24.
See the Index to Annotations under Costs of Actions; Counteroffers.

Judgments — Offers to Stipulate to Entry of Judgment —
    Counteroffers — Costs Following Rejection of Offer.

    A party who rejects an offer to stipulate to the entry of a
    judgment and fails to make a counteroffer may not recover
    actual costs incurred in the prosecution or defense of the action
    (MCR 2.405[D][2]).

*Sumpter & Perry, P.C.* (by *Thomas E. McDonald*), for the plaintiffs.

*Morrison, Morrison & Finley* (by *Gregory W. Finley*), for the defendants.

Before: GRIFFIN, P.J., and SAWYER and WEAVER, JJ.

WEAVER, J. Plaintiff Linda Brooks was injured in an accident involving a rented horse and buggy on Mackinac Island. She and her husband filed this lawsuit against the drivers of the horse and buggy, Reginald and William Gough, doing business as Jack's Livery Stable.

A mediation hearing was held, which resulted in a $150,000 award in favor of plaintiffs. This award was accepted by plaintiffs and rejected by defendants. On May 10, 1989, defendants submitted an offer of judgment to plaintiffs for $25,000. Plaintiffs did not accept the offer. MCR 2.405.

Following a jury trial which commenced on June 8, 1989, plaintiffs were awarded a verdict of $100,000. Because the verdict was more favorable to plaintiffs than the offer made by defendants, plaintiffs filed a motion for actual costs under MCR 2.405(D). The trial judge denied the motion because no counteroffer had been made to defendant's offer. Plaintiffs now appeal from this order, and we affirm.

Plaintiffs contend that they should be awarded

actual costs even though they did not qualify under MCR 2.405(D)(2).

Plaintiffs rejected the offer made by defendants, and the adjusted verdict entered after trial was more favorable to plaintiffs than this offer. Plaintiffs argue that under MCR 2.405(D)(2) they are entitled to actual costs incurred. However, this rule specifies that "an offeree who has not made a counteroffer may not recover actual costs." MCR 2.405(D)(2).

Plaintiffs argue that it was impossible for them to make a counteroffer, and therefore this Court should allow them to receive costs. We disagree.

It is true that under MCR 2.405 plaintiffs could not have made a timely counteroffer.[1] However, this fact does not cause us to interpret the court rule so as to leave out a provision.

The purpose of allowing costs under MCR 2.405 is to encourage settlement of cases before trial. Thus, the benefit of receiving costs is available only to one who has made an offer of settlement.

Plaintiffs complain that they were not able to make a counteroffer because of the timing of defendants' offer. However, plaintiffs have demonstrated no reason why they could not have made an offer of their own during the years between the filing of their complaint and the date of trial. Their failure to do so precludes them from receiving the benefit that making an offer to settle would have engendered.

Plaintiffs argue that this last-minute offer was made in bad faith to deprive them of costs under

---

[1] Offers must be made at least twenty-eight days before trial. MCR 2.405(B). A counteroffer is a rejection of one offer and an offer by the rejecting party. MCR 2.405(A)(2). A counteroffer must comply with the rules for offers, including the twenty-eight day rule. Defendants' offer was made twenty-eight days before trial, which prevented a counteroffer from being made by plaintiffs in a timely fashion.

MCR 2.403.[2] We need not discuss whether such a bad-faith tactic would require a different result because plaintiffs would not be entitled to costs under MCR 2.403, since the jury verdict was more favorable to defendants than the mediation evaluation.

We affirm the trial court's order denying plaintiffs' motion. Defendants have asked for costs on appeal, which we deny because the issue raised by plaintiffs was res nova in Michigan.

---

[2] When a party rejects a mediation award, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. MCR 2.403(O). At the time of trial, MCR 2.405(E) provided that when both a mediation award under MCR 2.403 and an offer under 2.405 had been rejected, the costs provisions of the later rejection would control.