FREYSINGER v TAYLOR SUPPLY COMPANY

Docket Nos. 135253, 136712. Submitted October 13, 1992, at Lansing.
    Decided December 8, 1992, at 9:05 A.M. Leave to appeal sought.

Alvin and Julie Freysinger brought an action in the Washtenaw
    Circuit Court against Taylor Supply Company, Jeffrey K. Lar-
    sen, and others, seeking damages for injuries received by Julie
    Freysinger in an automobile accident. A mediation panel val-
    ued the plaintiffs' claim against all the defendants at $8,000.
    The plaintiffs then ·served the defendants with an offer of
    judgment in the amount of $50,000. The defendants rejected
    the offer of judgment, and the plaintiffs subsequently rejected
    the mediation award. Before trial, the plaintiffs settled their
    claims against all the defendants except Taylor Supply and
    Larsen for $100,000. Following a trial, the jury returned a
    verdict finding Taylor Supply and Larsen liable in the amount
    of $150,000. The parties agreed that the verdict would be
    reduced by the $100,000 settlement. The court, Donald E.
    Shelton, J., awarded prejudgment interest on the basis of the
    entire $150,000 verdict and held that, because the defendants
    had rejected the offer of judgment, they were obligated to pay
    the plaintiffs' costs. Taylor Supply and Larsen appealed from
    the orders regarding interest and costs. The appeals were
    consolidated.

    The Court of Appeals *held:*

    1. The court erred in calculating interest on the entire
    verdict of $150,000. Interest recoverable in a civil action pursu-
    ant to MCL 600.6013; MSA 27A.6013 is not calculated on
    settlement amounts. A plaintiff who accepts a settlement
    waives the right to prejudgment interest on that amount.

    2. Where there has been a rejection of a mediation award
    pursuant to MCR 2.403 and a rejection of an offer of judgment
    pursuant to MCR 2.405, the last rejection controls for purposes
    of determining costs. There is no requirement that the rejection
    of the mediation award and the offer of judgment be made by
    the same party. The court erred in holding that the offer-of-

REFERENCES
22 Am Jur 2d, Damages § 669.
See the ALR Index under Prejudgment Interest; Costs of Actions.

judgment cost provisions of MCR 2.405(D) applied, because the mediation valuation was rejected by the plaintiffs after the offer of judgment was rejected and, therefore, the mediation cost provision of MCR 2.403 was applicable.

Reversed.

1. JUDGMENTS — SETTLEMENTS — STATUTORY INTEREST.

A plaintiff who accepts a settlement with some of the defendants in a civil action waives the right to prejudgment interest on that amount with respect to the total judgment against the remaining defendants; prejudgment interest recoverable in a civil action is not calculated on settlement amounts (MCL 600.6013, 600.6306[3]; MSA 27A.6013, 27A.6306[3]).

2. PRETRIAL PROCEDURE — MEDIATION AWARDS — OFFERS OF JUDG-MENT — REJECTION — COSTS.

Where both a rejection of a mediation award and a rejection of an offer of judgment are made, the cost provisions of the court rule under which the later rejection occurred control; there is no requirement that the rejection of the mediation award and the offer of judgment be made by the same party (MCR 2.403, 2.405[E]).

*Egnor & Hamilton* (by *R. Wm. Egnor*), for the plaintiff.

*Davis & Fajen, P.C.* (by *Peter A. Davis* and *Nelson P. Miller*), for the defendants.

Before: MURPHY, P.J., and GRIBBS and FITZGER-ALD, JJ.

PER CURIAM. Defendants appeal from an order of the circuit court awarding plaintiffs interest based on the entire amount of the jury's award of damages before it was reduced to reflect settlement amounts paid to plaintiffs and from the order of the circuit court ordering defendants to pay costs pursuant to MCR 2.405(D). We reverse.

This case arose from a multi-vehicle accident in which plaintiff Julie Freysinger was injured. A mediation panel valued plaintiffs' claim against all defendants at $8,000. Plaintiffs then served defen-

dants with an offer of judgment in the amount of $50,000. Defendants rejected the offer of judgment, and plaintiffs subsequently rejected the mediation award.

Shortly before trial, other defendants who are not parties to this appeal settled plaintiffs' claims against them for a total of $100,000 and were dismissed from the action. The trial proceeded against defendants, and the jury found defendants liable to plaintiffs in the amount of $150,000. The circuit court and the parties agreed that the verdict would be decreased by the $100,000 settlement with the dismissed defendants. The circuit court held, however, that the judgment was set at $150,000 for purposes of calculating interest. The circuit court further held that, because defendants had rejected the offer of judgment, they were obligated to pay plaintiffs' costs pursuant to MCR 2.405(D).

I

Defendants contend that the circuit court erred in calculating interest on the entire verdict of $150,000. This Court has consistently held that interest recoverable in a civil action pursuant to MCL 600.6013; MSA 27A.6013 is not calculated on settlement amounts. *Harvey v Security Services, Inc,* 148 Mich App 260, 271-272; 384 NW2d 414 (1986); *Rittenhouse v Erhart,* 126 Mich App 674, 682; 337 NW2d 626 (1983), modified 424 Mich 166; 380 NW2d 440 (1985); *Silisky v Midland-Ross Corp,* 97 Mich App 470, 476-477; 296 NW2d 576 (1980); *Awedian v Theodore Efron Mfg Co,* 66 Mich App 353, 358; 239 NW2d 611 (1976). See also *Johnson v Woodson,* 109 Mich App 76, 79; 310 NW2d 898 (1981). When a plaintiff accepts a settlement, the plaintiff waives the right to prejudgment interest on that amount of the total judgment. *Harvey, supra,* 272.

In this case, however, the circuit court interpreted MCL 600.6306; MSA 27A.6306 as requiring that interest be calculated upon the entire $150,000 before subtracting the $100,000 settlement. MCL 600.6306; MSA 27A.6306 provides, in pertinent part:

(1) After a verdict rendered by a trier of fact in favor of a plaintiff, an order of judgment shall be entered by the court. The order of judgment shall be entered against each defendant . . . in the following order and in the following judgment amounts:

* *. *

(f) All taxable and allowable costs, including interest as permitted by section 6013 and 6455 on the judgment amounts.

* * *

(3) If there is an individual who was released from liability pursuant to section 2925d, the total judgment amount shall be reduced, as provided in subsection (5), by an amount equal to the amount of the settlement between the plaintiff and that individual.

We do not interpret MCL 600.6306; MSA 27A.6306 as altering the manner of calculation of interest under MCL 600.6013; MSA 27A.6013. Under MCL 600.6306(1); MSA 27A.6306(1), the judgment amount is calculated to include interest as that interest is permitted under MCL 600.6013; MSA 27A.6013. Then, proceeding to MCL 600.6306(3); MSA 27A.6306(3), the amount of the settlement is subtracted from the total judgment. In this case, the judgment amount is $150,000. To calculate interest on this amount pursuant to MCL 600.6013; MSA 27A.6013, the $100,000 settlement must be subtracted and the interest calculated upon only defendants' $50,000 liability. See *Har-*

*vey, supra,* 271-272; *Silisky, supra,* 476-477. The interest, calculated only on the $50,000 liability pursuant to MCL 600.6013; MSA 27A.6013, is then added to the total judgment amount, as required by MCL 600.6306(1); MSA 27A.6306(1). Then, proceeding to MCL 600.6306(3); MSA 27A.6306(3), the $100,000 settlement is subtracted from the total judgment, for a judgment against defendants in the amount of $50,000, plus interest on the $50,000 as calculated under MCL 600.6013; MSA 27A.6013. The circuit court therefore erred in ordering defendants to pay interest on the entire $150,000.

II

Defendants also contend that the circuit court erred in determining that plaintiffs were entitled to costs under MCR 2.405(D), also known as the offer-of-judgment rule. The purpose of imposing costs under MCR 2.405 is to encourage parties to settle before trial. *Brooks v Gough,* 189 Mich App 623, 625; 473 NW2d 771 (1991). MCR 2.405(D) permits the trial court to order a party rejecting an offer of judgment to pay the opposing party's actual costs as follows, in pertinent part:

(D) Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:

(1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

(2) If the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the offeree's actual costs incurred in the prosecution or defense of the action. However, an offeree who has not made a counteroffer may not recover actual costs.

Similarly, with respect to mediation, MCR 2.403(O) requires a party rejecting a mediation award to pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. MCR 2.405(E) deals with the relationship between the mediation costs provision of MCR 2.403 and the offer-of-judgment costs provision of MCR 2.405(D), and provides:

> (E) Relationship to Mediation. In an action in which there has been both the rejection of a mediation award pursuant to MCR 2.403 and a rejection of an offer under this rule, the cost provisions of the rule under which the later rejection occurred control, except that if the same party would be entitled to costs under both rules costs may be recovered from the date of the earlier rejection.

This Court has consistently interpreted MCR 2.405(E) as providing that, where there are rejections under both sections, the last rejection controls for purposes of determining costs. See *Magnuson v Zadrozny,* 195 Mich App 581; 491 NW2d 258 (1992); *Rellinger v Bremmeyr,* 180 Mich App 661, 669; 448 NW2d 49 (1989); *Anderson v Howley,* 171 Mich App 210, 212-213; 429 NW2d 646 (1988); *Coy v Richard's Industries, Inc,* 170 Mich App 665, 674; 428 NW2d 734 (1988). Application of MCR 2.405(E) does not require that the rejection of the mediation award and the offer to stipulate be made by the same party. *Rellinger, supra,* 669.

In this case, because the mediation valuation was rejected by plaintiffs after the offer of judgment was rejected by defendants, the provisions of MCR 2.405(D) do not apply. See *Magnuson, supra,* 585. Defendants were therefore not obligated to pay plaintiffs' costs under the offer-of-judgment

rule. We are not unsympathetic to plaintiffs' argument that, under the facts of this case and with the benefit of hindsight, the last act of defendants was to reject a reasonable offer of settlement, while the last act of plaintiffs was to reject an unreasonable mediation award. The language of MCR 2.405(E) is clear and unambiguous, however, and we will not read additional provisions into the court rule.

Reversed.