BUTZER v CAMELOT HALL CONVALESCENT CENTRE, INC
(AFTER REMAND)

Docket No. 136247. Submitted January 12, 1993, at Detroit. Decided
May 20, 1993; approved for publication August 18, 1993, at 9:00
A.M.

Grace L. Butzer brought a wrongful discharge action in the
Wayne Circuit Court against Camelot Hall Convalescent Cen-
tre, Inc., alleging that termination of her employment was in
violation of a policy of termination for just cause only. Media-
tion concluded in an evaluation of $20,000 for the plaintiff,
which was accepted by the plaintiff but rejected by the defen-
dant. The court, Harry J. Dingeman, J., granted summary
disposition for the defendant on the basis that there was no
genuine issue of material fact. The Court of Appeals, MacKen-
zie, P.J., and Marilyn Kelly and T.M. Burns, JJ., reversed,
holding that a genuine issue of material fact existed regarding
whether the plaintiff had a reasonable expectation of employ-
ment that was terminable for just cause only. 183 Mich App
194 (1989). On remand, the defendant offered to stipulate the
entry of a $3,500 judgment for the plaintiff. The plaintiff
rejected the offer, and a jury subsequently returned a verdict of
no cause of action. The defendant moved for, and the trial
court, Edward M. Thomas, J., denied, attorney fees under MCR
2.405(D) for the plaintiff's rejection of the defendant's offer to
stipulate the entry of a judgment and sanctions under MCR
2.114(E) for the plaintiff's filing of pleadings for an improper
purpose. The defendant appealed.

After remand, the Court of Appeals held:

1. A trial court abuses its discretion by denying a motion for
costs and attorney fees under MCR 2.405(D) where, as in this
case, the only reason for the denial is that the rejection of the
offer of judgment was reasonable.

2. The circumstances of this case do not support a finding

REFERENCES

Am Jur 2d New Topic Service, Alternate Dispute Resolution § 24;
Attorneys at Law §§ 237, 264.
See ALR Index under Attorney or Assistance of Attorney; Attor-
neys' Fees; Fines, Penalties, and Forfeitures.

that the plaintiff's pleadings were filed for an improper purpose and therefore do not warrant an imposition of sanctions under MCR 2.114(E).

Affirmed in part, reversed in part, and remanded for an award of reasonable attorney fees to the defendant.

WHITE, J., concurring in part and dissenting in part, stated that the denial of sanctions under MCR 2.114(E) was proper, but the case should be remanded to the trial court for reconsideration of the question of attorney fees under MCR 2.405(D) in light of *Gudewicz v Matt's Catering, Inc,* 188 Mich App 639 (1991).

JUDGMENTS — OFFERS TO STIPULATE ENTRY OF JUDGMENT — REJECTION — ATTORNEY FEES.

A trial court abuses its discretion by denying a motion for attorney fees as a sanction for the refusal of an offer to stipulate the entry of a judgment where the only reason for the denial is that the rejection of the offer of judgment was reasonable (MCR 2.405[D]).

*Daryle Salisbury,* for the plaintiff.

*Roger H. Leemis,* for the defendant.

AFTER REMAND

Before: DOCTOROFF, C.J., and WEAVER and WHITE, JJ.

PER CURIAM. Defendant appeals a December 5, 1990, Wayne Circuit Court order denying its motion for attorney fees and costs pursuant to MCR 2.405 and sanctions pursuant to MCR 2.114(E). On appeal, defendant contends that the trial court abused its discretion when it refused to grant its request for reasonable attorney fees and erred in denying its request for sanctions. We affirm in part, reverse in part, and remand the matter to the trial court.

Plaintiff was employed by defendant as a nursing supervisor beginning on May 10, 1982. On

September 20, 1983, defendant terminated plaintiff's employment on the basis of what it claimed was her failure to provide adequate care for her patients. Plaintiff subsequently filed this wrongful discharge action alleging breach of contract, termination without just cause, and age discrimination. Plaintiff sought damages for loss of wages and loss of employee benefits, and also requested injunctive relief in the form of immediate reinstatement. The case was mediated at $20,000, which plaintiff accepted and defendant rejected.

Thereafter, defendant moved for summary disposition pursuant to MCR 2.116(C)(10), claiming that there was no genuine issue of material fact. The trial court granted defendant's motion for summary disposition, but this Court reversed the order on appeal, concluding that there existed a genuine issue of material fact whether plaintiff had a reasonable expectation of employment terminable for just cause only. See *Butzer v Camelot Hall Convalescent Centre, Inc,* 183 Mich App 194; 454 NW2d 122 (1989). On April 23, 1990, the case having been remanded, defendant submitted an offer to stipulate the entry of a judgment for plaintiff in the amount of $3,500. Plaintiff rejected the offer without filing a counteroffer. Following a seven-day jury trial, a verdict was returned for defendant, the jury concluding that plaintiff had no cause of action.

Defendant filed a motion for costs and attorney fees as permitted under MCR 2.405(D)(1) and also requested sanctions under MCR 2.114. Following a hearing, the trial court stated:

> Recalling this case very well and remembering the facts of it, the emotion that was involved in it, the Court is of the opinion that both parties proceeded to trial and made their rejections in good

faith and this Court is of the opinion that Ms. Butzer should not be penalized to a point of having to pay over ten thousand dollars in attorney fees for seeking her day in court.

The trial court awarded defendant $1,216.98 in costs, to which plaintiff did not object, but denied the request for attorney fees and sanctions.

The purpose of imposing costs under MCR 2.405 is to encourage the parties to settle before trial. *Freysinger v Taylor Supply Co,* 197 Mich App 349, 353; 494 NW2d 870 (1992); *Brooks v Gough,* 189 Mich App 623, 625; 473 NW2d 771 (1991). MCR 2.405(D)(3) states that the court may, in the interest of justice, refuse to award a fee under the rule. In *Gudewicz v Matt's Catering, Inc,* 188 Mich App 639, 645; 470 NW2d 654 (1991), this Court expressly rejected the trial court's denial of fees under MCR 2.405 based solely upon an offeree's "reasonable rejection" of a counteroffer of judgment. This Court concluded that the public policy behind the rule would not be served by denying fees on the basis of an offeree's reasonable rejection. *Id.*

As in *Gudewicz, supra,* we conclude that the trial court's denial of defendant's motion for reasonable attorney fees in this case was an abuse of discretion. The fact that plaintiff may have proceeded to trial in good faith does not excuse liability for fees when she knowingly denied the offer at the risk of having to pay those fees. See *Sanders v Monical Machinery Co,* 163 Mich App 689, 693; 415 NW2d 276 (1987). The better position is that a grant of fees under MCR 2.405 should be the rule rather than the exception. *Gudewicz, supra* at 644-645; *Stamp v Hagerman,* 181 Mich App 332, 338-339; 448 NW2d 849 (1989). To conclude otherwise would be to expand the "interest of justice" excep-

tion to the point where it would render the rule ineffective. See *Gudewicz, supra* at 644 (quoting 2 Martin, Dean & Webster, Michigan Court Rules Practice [3d ed], pp 455-456).

Regarding defendant's argument that it is entitled to sanctions under MCR 2.114(E), we disagree. The signature requirement under this rule seeks to ensure that pleadings are verified and filed in conformity with MCR 2.114(D). *Warden v Fenton Lanes, Inc,* 197 Mich App 618, 626; 495 NW2d 849 (1992). Although it is true that the rule provides that the signature is a certification that the pleadings are not filed for an improper purpose, we are not convinced that the pleadings in this case were in violation of this rule. A mediation panel recommended a $20,000 award in favor of plaintiff, and this Court previously determined that plaintiff's pleadings and other evidence were sufficient to raise a genuine issue of material fact. See *Butzer, supra.* Under these circumstances, we find unpersuasive defendant's contention that it is entitled to sanctions under MCR 2.114.

Affirmed in part, reversed in part, and remanded for a determination of reasonable attorney fees. We do not retain jurisdiction. No costs are taxable, neither party having prevailed in full.

WHITE, J. *(concurring in part and dissenting in part).* I concur in the majority's affirmance of the trial court's denial of sanctions under MCR 2.114(E). I dissent from its reversal of the denial of attorney fees under MCR 2.405. Rather than reversing, I would remand the case to the trial court for reconsideration in light of *Gudewicz v Matt's Catering, Inc,* 188 Mich App 639; 470 NW2d 654 (1991).

After trial, defendant moved for costs and attorney fees pursuant to MCR 2.405 and 2.114. The

trial court awarded defendant $1,216.98 in routine
fees and costs, but denied the request for
$12,410.07 in attorney fees under both court rules.
The court stated:

> Recalling this case very well and remembering
> the facts of it, the emotion that was involved in it,
> the Court is of the opinion that both parties pro-
> ceeded to trial and made their rejections in good
> faith and this Court is of the opinion that Ms.
> Butzer should not be penalized to a point of having
> to pay over ten thousand dollars in attorney fees
> for seeking her day in court.
>
> I believe that the assessment of attorney fees is
> discretionary with the Court and under the cir-
> cumstances of this case, the Court is not going to
> assess attorney fees in the bill of costs, but will
> assess the one thousand, two hundred and six
> dollars and ninety-eight cents.

Defendant argues that MCR 2.405 is unambigu-
ous and requires imposition of reasonable attorney
fees except in very limited circumstances. Defen-
dant asserts that this case is unremarkable and
presents no special circumstances to justify the
court's decision not to award attorney fees.

In *Sanders v Monical Machinery Co,* 163 Mich
App 689, 693; 415 NW2d 276 (1987), this Court
affirmed the trial court's award of attorney fees to
the defendant under MCR 2.405. The Court stated
that the purpose of MCR 2.405 is to encourage
parties to settle matters before trial. If an offer to
settle is made and the offer is not patently frivo-
lous, the rule creates an obligation to accept, make
a counteroffer, or reject. A litigant who rejects or
fails to respond and goes on to lose before a jury is
at risk of paying costs and attorney fees as pro-
vided in MCR 2.405.

In *Stamp v Hagerman,* 181 Mich App 332; 448

NW2d 849 (1989), this Court affirmed the court's refusal to award attorney fees to the defendant under MCR 2.405(D)(1). The Court said:

> However, MCR 2.405(D)(3) provides that the "court may, in the interest of justice, refuse to award an attorney fee under this rule." In *Sanders, supra,* this Court concluded that the trial court's decision to allow attorney fees under this subrule is discretionary, although the grant of attorney fees was thought to be preferred under the subrule as indicated by the language requiring that the trial court's refusal to grant the attorney fees be in the "interest of justice." The *Sanders* Court went on to uphold the trial court's grant of attorney fees to the defendant as a reasonable exercise of discretion where the plaintiffs failed to respond to the defendant's offer of judgment of $5,000 and a jury subsequently returned a verdict of no cause of action. The *Sanders* Court rejected the plaintiffs' claim that the discretionary language "in the interest of justice" only permits attorney fees in exceptional circumstances where there has been bad faith or unreasonable conduct. Finally, the *Sanders* Court expressed its opinion that attorney fees should be routinely granted under this subrule.
>
> In the instant case, by contrast, the trial court refused to award attorney fees for the reason that plaintiffs had not rejected either of the mediation evaluations and thereafter negotiated reasonably and in good faith in an effort to reach a settlement. The trial court concluded that these facts did not indicate that the discretionary sanction against plaintiffs in the form of attorney fees was appropriate. Hence, on its face, the trial court appeared to apply the very standards of good faith and reasonable conduct that the *Sanders* Court suggests would not preclude an award of attorney fees to the opposing party.
>
> We are, however, of the opinion that what constitutes "in the interest of justice" must be decided on a case-by-case basis. While not controlling, a

trial court may properly consider the good faith or reasonable conduct of the parties in resolving whether attorney fees are appropriate. [181 Mich App 338-339.]

The Court went on to discuss cases dealing with the concept of judicial discretion. The Court concluded:

Given the fact that plaintiffs proceeded to trial only after rejecting an offer which was substantially less than the prior two mediation evaluations, we conclude that the trial court did not abuse its discretion in refusing to award attorney fees to defendants. Although an award of attorney fees is favored under MCR 2.405(D)(3), we do not find that a consideration of the "interest of justice" standard precluded the trial court from refusing to award attorney fees to defendants under the circumstances of this case. [*Id.* at 342.]

In *Gudewicz, supra,* this Court reversed the trial court's ruling that under MCR 2.405(D)(3) attorney fees should be denied to the defendant in the interest of justice. The basis for the trial court's decision was that the plaintiff's decision to reject the counteroffer was reasonable in view of the mediation.

The *Gudewicz* Court quoted from 2 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), pp 455-456:

As to attorney fees, the rule itself gives no guidance as to the kinds of situations in which a court may determine that the interests of justice preclude an award of attorney fees. . . . [S]hould the courts liberally interpret the subrule, and routinely deny the imposition of attorney fees, trial counsel will quickly realize that the cost provisions and monetary sanctions imposed by rule 2.403(O) [mediation sanctions] may be readily ne-

gated by the submission of an offer of settlement under 2.405. See MCR 2.405(D)(6). If the imposition of sanctions under rule 2.403 is mandatory (which it is), but only discretionary under rule 2.405 (which they are), the authors have little doubt as to which rule the parties will elect to control in the action. Unless the imposition of costs under rule 2.405 is equally as certain as they are [sic] under rule 2.403, Michigan's mediation rule will quickly be rendered useless. [188 Mich App 644.]

The Court discussed *Sanders* and *Stamp, supra*:

Similar concerns were expressed by this Court in *Sanders, supra.* The *Sanders* panel concluded that the sanctions provisions of the court rule should be routinely enforced and attorney fees granted, except in the event of an unusually large verdict, or in the event of a defense verdict rendered in the face of catastrophic damages. 163 Mich App 692-693. In *Stamp v Hagerman,* 181 Mich App 332, 339; 448 NW2d 849 (1989), another panel concluded that, while not controlling, the good faith or reasonable conduct of the parties properly may be considered by a trial court in resolving the question whether attorney fees are appropriate. [188 Mich App 644-645.]

The Court concluded:

In this case, the sole reason given by the trial court for denial of attorney fees was that plaintiffs reasonably refused the counteroffer. This was insufficient justification under *Stamp* and *Sanders, supra,* and runs contrary to the policy of *Sanders* and the commentators which favors the award of attorney fees absent unusual circumstances. [188 Mich App 645.]

While the *Gudewicz* Court recognized the rule set forth in *Stamp, supra,* it applied a far more stringent standard for determining when attorney

fees can properly be denied under MCR 2.405(D)
(3).

In the instant case, the trial court's decision not
to grant attorney fees would not constitute an
abuse of discretion under *Stamp,* because the facts
are very similar to those in *Stamp* and the deci-
sion apparently was based on plaintiff's good faith
and reasonable conduct. The enunciation of the
decision on the record in November 1990, after
*Stamp* had been decided but before *Gudewicz,*
would have been sufficient under *Stamp.* However,
*Gudewicz,* which is controlling under Administra-
tive Order No. 1990-6, requires more.

It is unclear whether the trial court would have
awarded or denied attorney fees under *Gudewicz.*
In other words, had *Gudewicz* been decided before
the trial court rendered its decision, it may have
granted fees or denied fees, setting forth reasons
believed to be sufficient under *Gudewicz.* Because
the trial court did not have the benefit of *Gudew-
icz* when it made the decision and because we do
not know how it would have applied the *Gudewicz*
standard to the instant case, I think a remand for
reconsideration, rather than a reversal, is appro-
priate. I would remand to the trial court for recon-
sideration in light of *Gudewicz,* with instructions
that if the trial court continues to be of the view
that attorney fees should be denied under MCR
2.405(D)(3) and *Gudewicz,* it should fully set forth
its reasons on the record.