## NOSTRANT v CHEZ AMI, INC

Docket No. 157312. Submitted May 16, 1994, at Grand Rapids. Decided November 7, 1994, at 9:00 A.M.

Carol Nostrant brought an action in the Kent Circuit Court against Chez Ami, Inc., and Scalici Development Company, seeking damages for a personal injury incurred in a slip and fall accident in Chez Ami's parking lot. Mediation resulted in an evaluation of $5,000 in favor of the plaintiff. The plaintiff accepted the award, and the defendants rejected it. The defendants offered to stipulate the entry of a judgment of $1,500 for the plaintiff, who did not respond and thereby rejected the offer of judgment. A trial resulted in a jury verdict of no cause of action. The defendants moved for an award of actual costs as a sanction for the rejection of the offer to stipulate the entry of a judgment and for an award of expert witness fees. The court, Dennis C. Kolenda, J., awarded costs and fees usually taxable in a civil action, denied the request for attorney fees, and awarded ordinary witness fees only. Defendant Chez Ami, Inc., appealed.

In an opinion by TAYLOR, J., with separate concurrences by DOCTOROFF, C.J., and M.G. HARRISON, J., the Court of Appeals *held*:

The trial court abused its discretion by denying the request for attorney fees and by denying expert witness fees for witnesses it had ruled were qualified to testify as experts.

TAYLOR, J., stated that Administrative Order No. 1994-4 constrains the Court to follow *Butzer v Camelot Hall Convalescent Centre, Inc (After Remand)*, 201 Mich App 275 (1993), which held that a trial court abuses its discretion in denying a defendant's request for attorney fees under MCR 2.405(D)(3) where the sole reason for denial is the plaintiff's reasonable rejection of the defendant's offer of judgment.

DOCTOROFF, C.J., concurring in the reversal, stated disagreement with Judge TAYLOR's assertion that *Butzer* misapprehended the analysis articulated in *Gudewicz v Matt's Catering, Inc*, 188 Mich App 639 (1991).

M. G. HARRISON, J., concurring in the result only, stated dissatisfaction with the controlling line of cases addressing

attorney fees under MCR 2.405(D)(3) and stated that the court rule allows a trial court, in the interest of justice in unusual and extraordinary cases, to deny a request for attorney fees as a sanction for the refusal of an offer of judgment.

Reversed and remanded.

*Rhoades McKee Boer Goodrich & Titta* (by *Douglas P. Vanden Berge*), for Carol Nostrant.

*Kallas & Henk, P.C.* (by *Constantine N. Kallas*), for Chez Ami, Inc.

Before: DOCTOROFF, C.J., and TAYLOR and M. G. HARRISON,* JJ.

TAYLOR, J. Defendant Chez Ami, Inc., appeals as of right from the trial court's denial of attorney fees under MCR 2.405(D)(3) and expert witness fees in excess of the ordinary witness fees provided by law under MCL 600.2164; MSA 27A.2164. We reverse and remand to the trial court.

This action is based on plaintiff's slip and fall in Chez Ami's parking lot. Plaintiff sustained a broken ankle as a result of the fall. The matter was submitted to mediation, which resulted in an evaluation of $5,000 in favor of plaintiff. Plaintiff accepted the award; defendants Chez Ami, Inc., and Scalici Development Company, rejected it. Defendants then filed an offer of judgment for $1,500. Plaintiff did not respond to this offer or file a counteroffer, thereby rejecting it. MCR 2.405(C) (2)(b). The case went to trial and resulted in a jury verdict of no cause of action against defendants. Defendants filed a motion seeking actual costs and expert witness fees in excess of the ordinary witness fees. The court awarded defendants only the usual taxable costs, specifically denying attorney fees pursuant to MCR 2.405(D)(3). The court also

---

* Circuit judge, sitting on the Court of Appeals by assignment.

denied defendants' request for expert witness fees, awarding only the ordinary witness fees. On appeal, defendant Chez Ami claims the trial court abused its discretion in denying these fee requests.

The attorney fees issue is controlled by the offer of judgment rule:

> In an action in which there has been both the rejection of a mediation award pursuant to MCR 2.403 and a rejection of an offer under this rule, the cost provisions of the rule under which the later rejection occurred control. . . . [MCR 2.405(E).]

The specific relevant provision states:

> If an offer is rejected, costs are payable as follows:
> (1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action. [MCR 2.405(D)(1).]

Actual costs are defined as "the costs and fees taxable in a civil action and a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment." MCR 2.405(A)(6). However, the court does have discretion with regard to this award: "The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule." MCR 2.405(D)(3). Here, the trial court ruled that an award of attorney fees would undermine the administration of justice.

The trial court stated that the denial of attorney fees was appropriate because plaintiff went to trial only after reasonably rejecting an offer of judgment that was substantially less than the prior

mediation evaluation, which plaintiff had accepted and defendants had rejected. The court then stated:

> To award fees to defendants under those circumstances would not promote efforts at reasonable settlements, but would punish a plaintiff who was willing to settle this case quite reasonably for having refused to capitulate when she had a credible case to pursue. . . . Plaintiff had a good case. Her damages were real and substantial. The prospect of liability was also significant. Two of defendants' employees came perilously close to admitting liability. . . . When a case is frivolous, anything other than a dismissal amounts to holding up a defendant, but, when a case is substantial, settlements are to be encouraged. That is the only way the judicial system can survive. Fining a plaintiff, which is what an assessment of actual costs amounts to, who was willing to reasonably compromise a good claim when the defendant was not, but who was not willing to surrende[r], undermines the administration of justice; it does not further it.

Our determination of whether the court abused its discretion in holding that an award of attorney fees was not in the interest of justice depends on the propriety of the factors considered by the court. The court's reliance on the mediation evaluation as a benchmark of plaintiff's reasonableness is proper; however, the court's estimation of the substantive merits of plaintiff's claim and the testimony presented at trial is wholly improper.

In *Sanders v Monical Machinery Co,* 163 Mich App 689; 415 NW2d 276 (1987), the first case to interpret the "interest of justice" provision of MCR 2.405(D)(3), this Court noted the potential for gamesmanship by both parties to a dispute under the "later rejection" rule of MCR 2.405(E). This

Court stated, "it seems apparent that there should be some flexibility in order that a trial judge can prevent injustice both ways, but favoring the granting of such fees." *Sanders* at 692.

In *Sanders,* the matter was not submitted to mediation. The only attempt at settlement before trial was the defendant's offer of judgment for $5,000, which the plaintiff rejected by not responding. After the jury returned a verdict of no cause of action for the defendant, the trial court granted the defendant's request for an award of attorney fees on the basis of the plaintiff's failure to respond to the defendant's offer of judgment. *Id.* at 690. Affirming the trial court's decision, this Court stated, "The trial judge was aware of the facts and used his discretion reasonably." *Id.* at 693.

In *Stamp v Hagerman,* 181 Mich App 332; 448 NW2d 849 (1989), the matter was twice submitted to mediation: the first resulted in an evaluation of $35,000 for the plaintiffs; the second was for $50,000 in favor of the plaintiffs. The defendants rejected both evaluations. The defendants subsequently filed an offer of judgment for $20,000; the plaintiffs' counteroffer was $65,000. The plaintiffs then offered to stipulate a judgment of $50,000 and the defendants made a counteroffer of $25,000.

The case went to trial, resulting in a jury verdict of $17,500 for the plaintiffs. The defendants were awarded only taxable costs under MCR 2.405.

> [T]he trial court refused to award attorney fees for the reason that plaintiffs had not rejected either of the mediation evaluations and thereafter negotiated reasonably and in good faith in an effort to reach a settlement. The trial court concluded that these facts did not indicate that the discretionary sanction against plaintiffs in the form of attorney fees was appropriate. [*Stamp* at 339.]

This Court stated: "[W]hat constitutes 'in the interest of justice' must be decided on a case-by-case basis. While not controlling, a trial court may properly consider the good faith or reasonable conduct of the parties in resolving whether attorney fees are appropriate." *Id.* Affirming the trial court's denial of attorney fees, this Court held: "Although an award of attorney fees is favored under MCR 2.405(D)(3), we do not find that a consideration of the 'interest of justice' standard precluded the trial court from refusing to award attorney fees to defendants under the circumstances of this case." *Id.* at 342.

In *Gudewicz v Matt's Catering, Inc,* 188 Mich App 639; 470 NW2d 654 (1991), there was a mediation evaluation of $10,000 for the plaintiffs. Both the plaintiffs and the defendant rejected it. The plaintiffs then submitted an offer to stipulate a judgment of $25,000, and the defendant countered with an offer of $4,000. A trial resulted in a $1,000 jury verdict for the plaintiffs, and the defendant requested an award of attorney fees. The only reason given by the trial court for denying this request was that the plaintiffs had reasonably refused the counteroffer. Reversing the decision of the trial court, this Court held: "While plaintiffs' refusal to accept defendant's counteroffer may have been reasonable, on balance, we conclude that the trial court abused its discretion in refusing to award defendant reasonable attorney fees." *Gudewicz* at 646.

The critical portion of the holding in *Gudewicz* is the phrase "on balance." The balance struck by this Court is not expressly stated in the opinion, but is implicit in the facts. The reason that the plaintiffs' rejection of the defendant's $4,000 counteroffer was reasonable was that it paled by comparison to the $10,000 mediation evaluation. How-

ever, by that standard, the plaintiffs had previously acted unreasonably by submitting an offer to stipulate a judgment of $25,000, a sum more than two times greater than the mediation evaluation. This Court also noted that the defendant's counteroffer was reasonable in light of the jury verdict and that if the plaintiffs had not made their (unreasonable) offer to stipulate an entry of judgment, "their payment of actual costs would have been mandatory under the mediation court rule, MCR 2.403(O)(1)." *Gudewicz* at 645-646. The *Gudewicz* panel considered all these factors and concluded that, on balance, the defendant was entitled to an award of attorney fees. This balancing analysis comports with the decisions in *Sanders* and *Stamp*; it requires an awareness of the facts, *Sanders* at 693, and it requires a case-by-case approach, *Stamp* at 339. This analysis also comports with the traditional discretion of the trial court to balance the equities when applying a rule designed to serve "the furtherance of justice." See *Bigelow v Walraven,* 392 Mich 566, 572-573; 221 NW2d 328 (1974).

In the instant case, unlike in *Gudewicz,* plaintiff accepted the mediation evaluation; defendants rejected it. The trial court held plaintiff's rejection of defendants' offer of judgment to be reasonable because the offer was substantially less than the mediation evaluation, as in *Stamp* at 342. This reliance on the mediation evaluation as a benchmark of reasonableness is appropriate because it provides "an apparently meaningful understanding of both the merits and potential value of [a] claim." *Parkhurst Homes, Inc v McLaughlin,* 187 Mich App 357, 364-365; 466 NW2d 404 (1991).

The factor weighing in favor of defendant is that in light of the jury verdict (i.e., in retrospect) the offer of judgment was reasonable.

We recognize that an award of attorney fees is favored under MCR 2.405(D)(3). However, under these facts, we would conclude that the trial court did not abuse its discretion in refusing to award attorney fees to defendant.

We note emphatically, however, that this conclusion in no way condones the trial court's independent evaluation of the merits of plaintiff's case or the import of testimony presented at trial. Such considerations improperly intrude upon the province of the jury. Given the factors already discussed, however, we would conclude that, in this case, the error was harmless.

Another panel of this Court, in a case factually similar to the instant case, reversed the trial court's denial of the defendant's motion for attorney fees. The trial court's sole reason for the denial was that the plaintiff had rejected the defendant's offer in good faith. *Butzer v Camelot Hall Convalescent Centre, Inc (After Remand),* 201 Mich App 275, 278; 505 NW2d 862 (1993). The *Butzer* panel cited *Gudewicz* for the "conclu[sion] that the public policy behind the rule would not be served by denying fees on the basis of an offeree's reasonable rejection." *Butzer* at 278 (citing *Gudewicz* at 645). I believe that *Butzer* misapprehends the balancing analysis articulated in *Gudewicz.* See *Gudewicz* at 646. Therefore, I follow *Butzer* only because I am constrained to do so by Administrative Order No. 1994-4. Under *Butzer,* the trial court's denial of an award of attorney fees was an abuse of discretion. Accordingly, we must reverse and remand for a determination of reasonable attorney fees.

The issue of expert witness fees is governed by statute:

No expert witness shall be paid, or receive as

compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as part of the taxable costs in the case. [MCL 600.2164(1); MSA 27A.2164(1).]

Section 2164(1) gives the trial court the discretion to determine whether a witness is qualified as an expert and thus entitled to fees in excess of the fees set for lay witnesses. . . . [*Dupree v Malpractice Research, Inc,* 179 Mich App 254, 260; 445 NW2d 498 (1989).]

The record clearly evidences that the trial court ruled defendants' witness qualified as an expert. Therefore, the denial of expert witness fees in excess of the ordinary witness fees was an abuse of discretion.

Reversed and remanded for a determination of reasonable attorney fees and an award of expert witness fees. We do not retain jurisdiction.

DOCTOROFF, C.J. *(concurring).* I concur in the reversal of the trial court's denial of defendant's request for attorney fees under MCR 2.405. However, I disagree that *Butzer v Camelot Hall Convalescent Centre, Inc (After Remand),* 201 Mich App 275; 505 NW2d 862 (1993), misapprehends the analysis articulated in *Gudewicz v Matt's Catering, Inc,* 188 Mich App 639; 470 NW2d 654 (1991), and assert that *Butzer* was correctly decided.

In *Gudewicz,* this Court balanced the competing interests and found that, when a trial court's sole reason for denying a defendant's request for fees under MCR 2.405 is the plaintiff's reasonable rejection of a defendant's offer of judgment, the trial court abuses its discretion in denying fees. *Butzer* followed this holding when confronted with nearly identical facts. I do not believe that the absence of

the phrase "on balance" from the language in *Butzer* indicates that *Butzer* misunderstood the reasoning set forth in *Gudewicz.*

In the instant case, the trial court's only acceptable reason for denying defendant's request for fees is plaintiff's reasonable rejection of defendant's offer of judgment. Such a reason is insufficient to support the trial court's denial of fees. *Gudewicz* at 645; *Butzer* at 278. To hold otherwise would be to circumvent the policy behind MCR 2.405.

M. G. HARRISON, J. *(concurring).* I concur in the result only. The current line of cases is ample evidence of the problems emanating from the Court's approach to this issue. Whether reviewing the merits of the case or the reasonableness of settlement efforts, the trial courts will be faced with minitrials the system can ill afford in light of other demands. Little guidance is provided to the bench and bar, and certainty is lacking. This will lead to a string of hearings and appeals of such matters. The courts will be put in a position of reevaluating the litigation posture of the parties, second-guessing judgment calls and attempting to reconstruct that which is often not of record, such as discussions that may pit the word of one attorney against that of another. MCR 2.405(D)(3) provides an exception for denying that which would otherwise be provided under the rule. An attorney fee may be denied "in the interest of justice." I suggest the import of this limitation under the rule calls into play that which is beyond the ordinary; for example, where the law is unsettled and substantial damages are at issue, where a party is indigent and an issue merits decision by the trier of fact, or where the effect on third persons may be significant and should be limited to the unusual.